## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

MARK H. HECKENDORF,

     Plaintiff,

-vs-

TRANS UNION LLC and DNF
ASSOCIATES LLC,

     Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MARK H. HECKENDORF (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendant, TRANS UNION LLC (hereinafter "Trans Union") and DNF ASSOCIATES LLC (hereinafter "DNC Associates") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 *et seq*. ("FCCPA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA and FCCPA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA, and 28 U.S.C. § 1367.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and a resident of Brevard County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

13.     DNF Associates is a corporation with its principal place of business in the State of New York and is authorized to do business in the State of Florida through

its registered agent, Coagency Global Inc., located at 115 N. Calhoun Street, Suite 4, Tallahassee, Florida 32301.

14.    DNF Associates is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.    DNF Associates furnished information about Plaintiff to the CRAs, including but not limited to Trans Union, that was inaccurate.

16.    DNF Associates is a "debt collector" as defined by Fla. Stat. §559.55(7). Upon information and belief, DNF Associates is regularly engaged in the business of collecting or attempting to collect debts owed or due or asserted to be owed or due another.

17.    DNF Associates attempted numerous times to collect a debt which was inaccurate.

## FACTUAL ALLEGATIONS

18.    Plaintiff is alleged to owe a debt to DNF Associates, partial account number 521531750136**** ("DNF Associates Account"), regarding a collection account on behalf of original creditor, HSBC Cashback Card. Plaintiff never applied or gave permission to anyone to apply using his information for this account.

19.    On or about May 28, 2020, Plaintiff first became aware of the erroneous HSBC Cashback Card account when he received a phone call from HSBC Bank

seeking payment for the outstanding balance. At that time, Plaintiff advised HSBC Bank that the account was not his.

20.    On that same day, Plaintiff reviewed his credit report and became aware of three accounts which were not his being reported to his credit file.

21.    On or about May 29, 2020, believing he was victim of identity theft, Plaintiff filed a police report with the Brevard County Sheriff's Office as to the fraud.

22.    On or about July 8, 2021, Plaintiff received a collection notice from non-party, American Coradius International LLC, who was attempting to collect the erroneous HSBC Cashback Card balance. Plaintiff communicated with Ameerican Coradius International LLC that this was not his account or debt to pay.

23.    On or about March 2, 2022, American Coradius International LLC closed and returned the HSBC Cashback Card account to the original creditor and ceased collection attempts.

24.    Ultimately, the erroneous HSBC Cashback Card account was removed from Plaintiff's credit report, and Plaintiff believed the issue was resolved.

25.    In or about 2023, Plaintiff began receiving phone calls from DNF Associates who was seeking to collect the fraudulent HSBC Cashback Card account.

26.    On or about October 2, 2023, Plaintiff obtained a copy of his Trans Union credit report. Upon review, Plaintiff observed a name being reported that was

not his. Further, Plaintiff observed the DNF Associates Account was being reported with a balance of $10,093. Such reporting was detrimental to his credit.

27.    On or about October 6, 2023, Plaintiff reported the inaccurate reporting of the DNF Associates Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 231006-12188999.

28.    In the CFPB report, Plaintiff detailed the fact that he never authorized the HSBC Cashback Card, Trans Union was reporting the DNF Associates Account inaccurately on his credit report, and he requested an investigation into the inaccurate reporting.

29.    Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Trans Union, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

30.    Upon information and belief, Trans Union failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous accounts on his credit report.

31.    In response to the inaccurate reporting, on or about October 23, 2023, Plaintiff mailed a written dispute letter to Trans Union. In the dispute letter, Plaintiff explained he was a victim of identity theft and that the DNF Associates Account was not his, was never authorized by him, and should be removed from his credit report. To confirm his identity, Plaintiff included a copy of his driver's license and Social

Security card in his letter. Additionally, in this letter, Plaintiff provided images from his credit report, a copy of his CFPB complaint, and other supporting documents.

32.    Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9589 0710 5270 0128 5378 67.

33.    On or about November 15, 2023, Trans Union responded to Plaintiff's detailed dispute letter by stating the DNF Associates Account was verified as accurate.

34.    Despite providing Trans Union with all the relevant information needed to prove he was a victim of identity theft and that the DNF Associates Account was fraudulent and unauthorized, Trans Union continued to report the inaccurate account.

35.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, DNF Associates.

36.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

37.    Upon information and belief, Trans Union notified DNF Associates of Plaintiff's dispute. However, DNF Associates failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

38.    On November 28, 2023, Plaintiff obtained a copy of his Trans Union credit report, and upon review the DNF Associates collection account continued to be reported.

39.    As of the filing of this Complaint, Trans Union continues to report negative and inaccurate information on Plaintiff's credit report regarding the DNF Associates Account, and Plaintiff's damages are on-going.

40.    Defendants have never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of the Complaint with Defendants' refusal to conduct a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

41.    As a result of the actions and/or inactions of Defendants, Plaintiff has suffered damage to his credit score.

42.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii.    Loss of time attempting to cure the errors;

  iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv.  Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

v.   Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

43.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

44.  Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

45.  Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

46.  Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

47.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

48.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

49.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARK H. HECKENDORF, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of the 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

50.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

51.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52.     Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

53.     Upon information and belief, Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

54.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

55.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

56.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARK H. HECKENDORF, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violation of the 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

57.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

58.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

59.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, DNF Associates.

60.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

61.     The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

62.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARK H. HECKENDORF, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## <u>COUNT IV</u>
### Violation of the 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

63.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

64.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, DNF Associates.

66.     As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

67.     The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

68.     Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARK H. HECKENDORF, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT V**</u>
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, DNF Associates LLC (Negligent)**

69.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

70.     DNF Associates furnished inaccurate account information to the CRAs, including but not limited to Trans Union, and through the CRAs to all of Plaintiff's potential lenders.

71.     After receiving Plaintiff's disputes, DNF Associates violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

72.     Plaintiff provided all the relevant information and documents necessary for DNF Associates to have identified that the account was fraudulent.

73.     DNF Associates did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to DNF Associates by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

74.     DNF Associates violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs, including but not limited to Trans Union, after it had been notified that the information it was furnishing was inaccurate.

75.     As a direct result of this conduct, action, and/or inaction of DNF Associates, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of DNF Associates was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

77.     Plaintiff is entitled to recover costs and attorney's fees from DNF Associates in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARK H. HECKENDORF, respectfully requests that this Court award actual damages against Defendant, DNF ASSOCIATES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### **COUNT VI**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, DNF Associates LLC (Willful)**

78.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

79.     DNF Associates furnished inaccurate account information to the CRAs, including but not limited to Trans Union, and through the CRAs to all of Plaintiff's potential lenders.

80.     After receiving Plaintiff's disputes, DNF Associates violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to

accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

81.     Plaintiff provided all the relevant information and documents necessary for DNF Associates to have identified that the account was fraudulent.

82.     DNF Associates did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to DNF Associates by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

83.     DNF Associates violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs, including but not limited to Trans Union, after it had been notified that the information it was furnishing was inaccurate.

84.     As a direct result of this conduct, action, and/or inaction of DNF Associates, Plaintiff suffered damages, including without limitation, loss of ability

to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

85.    The conduct, action, and/or inaction of DNF Associates was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

86.    Plaintiff is entitled to recover costs and attorney's fees from DNF Associates in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARK H. HECKENDORF, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, DNF ASSOCIATES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of Florida Statute § 559.72(9)
### as to Defendant, DNF Associates LLC

87.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

88.    DNF Associates violated Florida Statute § 559.72(9) by attempting to collect a debt it knew was inaccurate and not legitimate.

89.     DNF Associates had all the information it needed to determine that the debt was inaccurate and not legitimate, and yet repeatedly attempted to collect payment from Plaintiff stating that he owed an illegitimate debt of $10,093.

90.     As a result of the conduct, action, and inaction of DNF Associates, Plaintiff suffered damages, including but not limited to, stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff is in fear that the inaccurate and erroneous debt will harm his credit reputation.

91.     Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from DNF Associates pursuant to the FCCPA.

92.     Plaintiff is entitled to recover reasonable attorney's fees and costs from DNF Associates in the amount to be determined by the Court pursuant to the FCCPA.

WHEREFORE, Plaintiff, MARK H. HECKENDORF, respectfully requests a finding of actual, statutory, compensatory, and punitive damages against Defendant, DNF ASSOCIATES LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate, and grant all such additional relief deemed just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MARK H. HECKENDORF, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, TRANS UNION LLC and DNF ASSOCIATES LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

Dated this 30th day of November, 2023.

Respectfully Submitted,

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com

**/s/ _Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
_Attorneys for Plaintiff_